PER CURIAM.
Appellant seeks review of a final order dismissing as untimely her request for an administrative hearing regarding a prior determination by the Department of Revenue that she had received an overpayment of child support. Because the hearing officer applied an incorrect rule in concluding that appellant’s hearing request was untimely, we reverse and remand for further proceedings.
A hearing officer of the Department of Children and Family Services concluded that appellant’s request for an administrative hearing was untimely pursuant to Florida Administrative Code Rule 65-2.046(1) which provides that “[t]he appellant or authorized representative must exercise the right to appeal within 90 calendar days in all programs.” This rule, which governs time limits for requesting hearings as to programs administered by the Department of Children and Family Services, has no application in determining the timeliness of requests for administrative hearings regarding child support overpayments by the Department of Revenue. Such matters are governed by Florida Administrative Code Rule 12E-1.006(10). See Fla. Admin. Code R. 12E-1.022(5)(a)5 (providing that, if a person determined to have received a child support overpayment “is not satisfied with the reconsideration decision, [he or she] may request an administrative hearing as provided by subsection 12E-1.006(10),” Florida Administrative Code). Although rule 12E-1.006(10) authorizes the hearing offi *443 cer to apply the rules of the Department of Children and Family Services in conducting the hearing, it does not authorize the hearing officer to apply those rules in determining the timeliness of the request for a hearing. Rather, the rule requires the hearing officer to determine whether “[a] request for a hearing [was] made within thirty (30) days of the date of the written reconsideration decision.”
The hearing officer’s order found that appellant had invoked the reconsideration process. Moreover, appellant’s request for an administrative hearing indicated that a reconsideration hearing had been held approximately 12 days before she filed the request. However, there is no written reconsideration decision in the record. Because we cannot determine from the record whether appellant filed a timely request within 30 days of the written reconsideration decision, we reverse the hearing officer’s order and remand with directions that the hearing officer determine whether appellant’s request for an administrative hearing was timely pursuant to rule 12E-1.006(10).
REVERSED and REMANDED with directions.
WEBSTER, VAN NORTWICK and LEWIS, JJ., concur.